UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRI BUCKSHAW, as the Conservator of
RYAN BUCKSHAW, a legally incapacitated
person,

       Plaintiff,

v

OFFICER DANIEL WOODWARD, in his
individual capacity, OFFICER ANDREW CURRY,
in his individual capacity and CANTON TOWNSHIP,
a Michigan Municipal Corporation,

       Defendants.
_____/

Case No. 11-cv-11918

Hon. Patrick J. Duggan

JOEL B. SKLAR  (P-38338)
NOAH S. HURWITZ  (P-74063)
1116 Ford Building
615 Griswold
Detroit, MI  48226
(313) 963-4529
Email: Joelb79@hotmail.com
Attorneys for Plaintiff

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**
By:     **JAMES R. ACHO**  (P-62175)
33900 Schoolcraft
Livonia, MI  48150-1392
(734) 261-2400
Email: jacho@cmda-law.com
Attorneys for **Defendants**
_____/

## STIPULATED PROTECTIVE ORDER

At a session of said Court, held in the City of
Detroit, County of Wayne, State of Michigan
on October 28, 2011.

PRESENT: HON. PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter having come before the Court upon stipulation and agreement by and between the parties hereto, through their respective counsel of record;

THE COURT HEREBY ENTERS THIS PROTECTIVE ORDER UNDER THE FOLLOWING TERMS AND CONDITIONS:

IT IS ORDERED THAT all documents produced by Defendants to Plaintiffs on August 16, 2011 or later pursuant to this Court's Order regarding discovery shall be subject to the terms of this Protective Order:

IT IS FURTHER ORDERED that the materials provided to Plaintiffs' counsel are subject on August 16, 2011 or later to the following conditions:

(1) The records shall not be made public or provided to others outside the scope of this Order.

(2) The documents may be shown to those persons employed at Plaintiffs' counsel's office that have a need to see the documents, as well as the parties and their respective counsel.

(3) The documents can be shown to any experts retained by Plaintiffs.

(4) Those persons being shown the documents must also be shown this Protective Order and Plaintiffs' counsel must obtain those persons' concurrence to abide by the terms of the Protective Order by execution of a receipt of this Order.

(5) All copies shall be returned to defense counsel at the conclusion of this litigation and any appellate proceedings.

(6) The terms of this Protective Order can only be modified by way of an Order obtained either through a stipulation or subsequent motion.

The documents subject to this Protective Order shall be used by Plaintiffs and their attorney in this case only, and for no other purpose.  The documents produced, and all copies, prints, summaries, excerpts and/or reproductions of such documents are subject to this Order.

The documents may not be shown to anyone other than as stated in this Order.  However, nothing in this Order is intended to impair or create rights in the parties to offer or use the protected materials during trial.  Issues regarding admissibility will be resolved by the Court at the appropriate time.

IT IS FURTHER ORDERED that said LEIN document shall not be filed with the Court unless under seal pursuant to MCR 2.302(c) and MCL 28.214(3) and (5) and CJIS 28.5201.

s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated:  October 28, 2011
I hereby certify that a copy of the foregoing document was served upon counsel of record on October 28, 2011, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager

Approved as to form and content:

| /s/  JOEL B. SKLAR | /s/  JAMES R. ACHO |
|---|---|
| JOEL B. SKLAR  (P-38338) | JAMES R. ACHO  (P-62175) |
| Attorney for Plaintiff | Attorney for Defendants |

C:\Documents and Settings\Orem\Local Settings\Temp\notes6030C8\canton(buckshaw)protective order #2.wpd

3